IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EUGENE SHANNON ABNER, | § § | |
| Petitioner, | § § | |
| VS. | § § | CIVIL ACTION NO. H-07-2675 |
| NATHANIEL QUARTERMAN, | § § § | |
| Respondent. | § | |

## MEMORANDUM AND OPINION

Petitioner, Eugene Shannon Abner, seeks habeas corpus relief under 28 U.S.C. § 2254. For the reasons explained below, this civil action cannot proceed and is dismissed.

Abner was convicted of aggravated sexual assault of a child younger than fourteen. (Cause Number 610227, 180th Judicial District Court of Harris County, Texas). On December 18, 2000, Abner filed a federal petition for a writ of habeas corpus, Civil Action Number H-01-0230, collaterally attacking this state-court conviction. On September 3, 2002, the federal court denied Abner's claims on the merits. Abner filed the present federal petition on August 14, 2007. He challenges the same state-court conviction, arguing that the evidence was insufficient. (Docket Entry No. 1, Petition for a Writ of Habeas Corpus, p. 7). It is a successive habeas application.

Title 28 U.S.C. § 2244(b)(3)(A) (1998) provides, "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the

application." The issue of whether a habeas corpus petition is successive may be raised by the district court on its own. *Rodriguez v. Johnson*, 104 F.3d 694, 697 (5th Cir. 1997).

A federal district court lacks jurisdiction to consider a successive habeas application. The Fifth Circuit Court of Appeals must authorize the district court to consider a successive application before it is filed in the district court.

There is no indication on the record that the United States Court of Appeals for the Fifth Circuit has authorized this court to consider Abner's successive application. This court lacks jurisdiction to consider Abner's habeas claims and dismisses those claims. Abner must refile in the Court of Appeals for the Fifth Circuit to seek authorization to proceed.

In this federal suit, Abner also alleges that inmates who are gang members at the Eastham Unit of the Texas prison have threatened him and have stolen his identity. (Docket Entry No. 1, Petition for a Writ of Habeas Corpus, pp. 7-8). A habeas petition is the proper vehicle to seek release from custody, not to challenge the conditions of confinement. *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997); *see Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir. 1989). Suits brought under 42 U.S.C. § 1983 are the proper vehicle to attack conditions of confinement. *See Carson*, 112 F.3d at 820; *Cook v. Texas Dept. of Criminal Justice Transitional Planning Dept.*, 37 F.3d 166, 168 (5th Cir. 1994). If a petition combines habeas claims with section 1983 claims, and the claims can be separately treated, federal courts should do so. *Serio v. Members of La. St. Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir. 1987).

Abner's allegations of identity theft and threats from other inmates deal with the conditions of confinement and are separate from his habeas claims. These civil rights claims are also subject to dismissal. Abner raised virtually identical claims in another suit filed in this district, Civil Action Number 4:07-2316. The court handling that case held that Abner failed to show that the inmates at the Eastham Unit who were the subject of his complaint were state actors, as required by 42 U.S.C. § 1983.[1] The court found that Abner failed to state a claim upon which relief could be granted and that his claims were legally frivolous. In the present case, Abner seeks to religitate the claims that have already been dismissed.

*In forma pauperis* complaints may be dismissed as frivolous if they seek to relitigate claims that assert substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the plaintiff. *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir.), *cert. denied*, 493 U.S. 969 (1989). Abner's civil rights claims are dismissed because they are duplicative of claims previously adjudicated by the court in Civil Action Number 4:07-2316.

Abner's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is dismissed for lack of jurisdiction. Abner's constructive motion to proceed as a pauper, (Docket Entry No. 1), is granted. Abner's civil rights claims are dismissed because the claims are duplicative

---

[1] A plaintiff seeking relief under 42 U.S.C. § 1983 must establish two essential elements: that the conduct complained of was committed under color of state law (that is, by a state actor), and that the conduct deprived the plaintiff of rights secured by the Constitution or laws of the United States. *Hernandez v. Maxwell*, 905 F.2d 94, 95 (5th Cir. 1990).

of those previously dismissed. 28 U.S.C. § 1915A(b)(1). All remaining pending motions are denied as moot.

The showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000) (citing *Slack v. McDaniel,* 429 U.S. 473, 483 (2000)). An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. *See Clark v. Johnson,* 202 F.3d 760, 763 (5th Cir. 2000).

When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Rudd v. Johnson,* 256 F.3d 317, 319 (5th Cir. 2001) (citing *Slack,* 529 U.S. at 484). Abner has not made the necessary showing. Accordingly, a certificate of appealability is denied.

SIGNED on August 23, 2007, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge